**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2269
_____

ERIKA NATHALIE MEJIA FUENTES,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(A206-315-011)
Immigration Judge: Shifra Rubin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 30, 2020

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: February 4, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Erika Nathalie Mejia Fuentes, a native and citizen of El Salvador, seeks asylum, withholding of removal, and protection under the Convention Against Torture. The immigration judge found her credible but denied all relief and ordered her removal. The Board of Immigration Appeals adopted that decision in full, so we review the immigration judge's decision. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001). The immigration judge had jurisdiction under 8 C.F.R. § 1240.1(a), and the Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a).

To overturn the immigration judge's dispositive findings of fact, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphases in original); *see* 8 U.S.C. § 1252(b)(4)(B). But the immigration judge's factual findings were supported by the record, and Mejia does not challenge several of the grounds for denying her claim. So we will deny her petition for review.

Mejia seeks asylum and withholding of removal as a member of a particular social group: "Family members of MS-13," a violent gang in El Salvador. Pet'r Br. 3. The immigration judge found that her proposed group did not qualify as a "particular social group" under 8 U.S.C. § 1101(a)(42)(A) because it lacked particularity and social visibility. We need not review that finding, because the immigration judge also found (1) that Mejia did not show past persecution; (2) that any past harm was not *because of* her familial relationship to a gang member; and (3) that while Mejia subjectively feared future harm, her fear was not objectively reasonable and was speculative. Each of these findings is supported by

2

the record, and Mejia cites no record evidence to the contrary. Collectively, these three findings dispose of her petition.

First, any past harm did not amount to persecution. True, Mejia was robbed "about three" times by gang members. AR 147. And her cousin Sofia, a gang member, once walked by Mejia menacingly with a knife under her shirt. Mejia later heard that Sofia had wanted to stab her as she walked by, though she did not. The immigration judge reasonably found that these sporadic events did not clear the high bar of persecution. *See Ambart-soumian v. Ashcroft*, 388 F.3d 85, 93 (3d Cir. 2004). In any event, Mejia cites no contrary evidence and does not challenge this finding.

Second, any past harm was not *because of* Mejia's familial relationship to a gang member. She testified that the robbers targeted her because she was wearing a shirt that promoted her perfume company, signaling that she had money. During her credible-fear interview, she testified that "the only reason" for her cousin Sofia's threats was Sofia's "jealousy" of Mejia's education, employment, and more privileged upbringing. AR 312–13. The immigration judge reasonably found that any targeting was "because of personal disputes rather than [Mejia's] membership in any particular social group." AR 44. Mejia cites no contrary evidence and does not challenge this finding either. Indeed, in her brief before the Board, her lawyer conceded that Mejia's "persecution may not have been 'on account of' her family relationship" with Sofia. AR 8. That is enough to deny her claims for asylum and withholding of removal.

Third, Mejia's sincere fear of future harm was not objectively reasonable. Her cousin intimidated her only once and has not tried to contact her for more than five years. And her

3

parents still live safely in El Salvador; her cousin has not harmed them. The immigration judge reasonably found no well-founded fear of persecution. Any fear, the judge found, "is too speculative to merit protection." AR 47. So it was not "more likely than not" that she would face future persecution, as the Convention requires. *Amanfi v. Ashcroft*, 328 F.3d 719, 725 (3d Cir. 2003). Once again, Mejia cites no contrary evidence and does not challenge this finding. Thus, her Convention claim fails even if the authorities acquiesced in or turned a blind eye to gang violence, as she argues. So we will deny the petition for review.